IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**GARY LEON WEBSTER**  **PLAINTIFF**
**ADC #114018**

v.    Case No. 3:20-cv-00412-LPR

**ST. BERNARDS HOSPITAL**  **DEFENDANT**

## ORDER

Plaintiff Gary Leon Webster is incarcerated at the Tucker Unit of the Arkansas Department of Corrections. He filed a *pro se* complaint on December 21, 2020, along with a Motion for Leave to Proceed *In Forma Pauperis* ("IFP"). (Docs. 1, 2). Mr. Webster's IFP Motion (Doc. 1) is DENIED based on his litigation history and his Complaint (Doc. 2) is DISMISSED without prejudice for failure to pay the filing fee.

Mr. Webster is suing St. Bernards Hospital. (Doc. 2 at 1). He alleges that "St. Bernards' Hospital . . . exiled the complainant from the State of Arkansas . . . and exposed [him] to extreme danger." (*Id*. at 4). He claims his exile is prohibited by the Constitution of the State of Arkansas. (*Id*. at 5). He also claims such cruel and unusual punishment is unconstitutional. (*Id*.). Mr. Webster seeks compensatory and punitive damages. (*Id*.).

The Prison Litigation Reform Act ("PLRA") provides that a prisoner cannot proceed *in forma pauperis* "if the prisoner has on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Prior to filing this lawsuit on December 21, 2020, Mr. Webster filed at least three actions that were dismissed for failing to state a claim upon which relief may be granted. *See Webster v. Does,*

3:19-CV-59-DPM (E.D. Ark.); *Webster v. Pigg*, 3:19-CV-60-DPM (E.D. Ark.); and *Webster v. Day Inn Motels, Inc., et al.,* 3:19-CV-78-DPM (E.D. Ark.).

A plaintiff with "three strikes" may proceed *in forma pauperis* only if he falls under the "imminent danger" exception to the three strikes rule.  *See* 28 U.S.C. § 1915(g) (providing that three strikers should be granted permission to proceed *in forma pauperis* if they are "under imminent danger of serious physical injury"); *Ashley v. Dilworth,* 147 F.3d 715, 717 (8th Cir. 1998) (explaining that the exception applies only if the prisoner is in imminent danger "at the time of filing" and that "[a]llegations that the prisoner has faced imminent danger in the past are insufficient").

For Mr. Webster to be able to proceed *in forma pauperis* in this case, he must establish that he was in imminent danger of serious physical injury at the time he filed his Complaint.  *See Ashley,* 147 F.3d at 717.  Mr. Webster alleges extreme danger arising from his purported exile from Arkansas.  (Doc. 2 at 4).  But Mr. Webster never says what this "extreme danger" was or is; moreover, at the time he filed his Complaint, Mr. Webster was in the Tucker Unit of the Arkansas Department of Corrections.  (*Id*. at 1).  This suggests he was not "exiled" from Arkansas.  Mr. Webster's pleadings do not indicate he was in imminent danger at the Tucker Unit at the time he filed his Complaint.

In short, the imminent danger exception does not apply.  *Ashley,* 147 F.3d at 717.  This case will be dismissed due to Mr. Webster's failure to pay the filing fee.  Mr. Webster will have thirty (30) days to reopen this case by paying the $402 filing fee in full.

IT IS THEREFORE ORDERED that:

1. Mr. Webster's Motion to Proceed *In Forma Pauperis* (Doc. 1) is denied.

2. Mr. Webster's Complaint (Doc. 2) is dismissed without prejudice.

3. Mr. Webster has thirty (30) days from the date of this order in which to reopen this case by paying the $402 filing fee in full.

4. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order or the accompanying Judgment would not be taken in good faith.

DATED this 22nd day of December 2020.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE